17-1648-cv
Chen v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand eighteen.

PRESENT:   REENA RAGGI,
                    GERARD E. LYNCH,
                    CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

————————————————————————

LING CHEN,

                    *Plaintiff-Appellant*,

                    v.                                                                        17-1648-cv

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                    *Defendant-Appellee*.

————————————————————————

FOR PLAINTIFF-APPELLANT:        Ling Chen, *pro se*, Flushing, NY.

FOR DEFENDANT-APPELLEE:        Varuni Nelson, Arthur Swerdloff, Kathleen A. Mahoney, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ling Chen, proceeding *pro se*, brought this action seeking judicial review of a final determination by the Commissioner of Social Security ("Commissioner") that Chen had received an overpayment of $11,029 in disability insurance benefits ("DIB") for the period December 2008 through May 2012. An administrative law judge ("ALJ") issued a determination to that effect on March 11, 2014. Chen appealed the ALJ's determination to the Social Security Administration's Appeals Council, which affirmed the determination on January 30, 2015. Chen then brought this action in the district court on March 30, 2015. She now appeals from the district court's grant of judgment on the pleadings in favor of the Commissioner. Chen has also filed a motion to docket additional evidence. We otherwise assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of judgment on the pleadings. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010). "[Social Security Administration ("SSA")] regulations provide that" when, as here, "the Appeals Council grants review of a claim, . . . the decision that the Council issues is the Commissioner's final decision." *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). We conduct a *de novo* review of the administrative record "to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Zabala*, 595 F.3d at 408 (internal citation and quotation marks omitted). "The substantial evidence standard means that . . . we can reject th[e] [Commissioner's findings] only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted) (emphasis in original).

As an initial matter, Chen has not raised on appeal the central argument she made in the district court: that the Commissioner had used an improperly low earnings amount for 2008 to compute her "average current earnings" pursuant to 42 U.S.C. § 424a(a) and accompanying regulations. Chen contended that this purported mistake resulted in the Commissioner determining an excessive overpayment. Appellants, including those proceeding *pro se*, abandon an argument by failing to raise it in their appellate brief. *LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995). Accordingly, that argument is deemed abandoned.

Chen raises several other issues on appeal. First, she contends that the Commissioner made a legal error[1] by applying an unspecified formula from the SSA's

---

[1] Chen frames that argument in terms of the substantial evidence standard, but if the Commissioner used

Programs Operations Manual System ("POMS") § 52150.00, a guideline that was promulgated only in 2012. POMS DI § 52150.00. By this, we understand Chen to argue that it would have been erroneous for the Commissioner to apply a 2012 guideline in determining whether she had been overpaid for the years before it was promulgated—here, 2008 through 2012. POMS "guidelines represent the Commissioner's interpretation of the [SSA's] statutory mandate, they deserve substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute." *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998). The Commissioner contends, in response, that § 52150.00 merely reiterates the longstanding requirements of 20 C.F.R. § 404.408(c). Chen does not dispute this, nor that it was appropriate for the Commissioner to use section 404.408(c) to determine her average current earnings. And so, even assuming, *arguendo*, that the Commissioner looked to section 52150.00 as part of computing the overpayment to Chen, she has not shown any error.

Chen next contends that the Commissioner mailed her an updated determination in June 2016,—more than a year after the Appeals Council issued its final decision—notifying Chen that the overpayment amount was $3,923.20, and not $11,029. Chen argues that this shows the Commissioner's determination that she was overpaid by $11,029 was not supported by substantial evidence. In response, the Commissioner contends that the June 2016 notice refers to the remaining overpayment balance, which the Commissioner had been recouping by withholding a portion of the benefits that would otherwise have been paid to Chen.

The June 2016 letter supports the Commissioner's position. In a section entitled "Overpayment Information," the letter states, *inter alia*, that the Commissioner "will *continue* to withhold $138.00 from your monthly benefits to recover this overpayment." Dist. Ct. Dkt. 26-1 at 6 (emphasis added). This section also contains a table that shows periods in recent years in which Chen was paid less than "she should have been" in order to recoup the overpayment balance. *Id*. As such, the June 2016 letter does not support Chen's contention that the Commissioner's 2015 determination lacked substantial evidence.

Chen next argues that the ALJ erred by finding that she was not disabled and had no extraordinary expenses. The Appeals Council, however, did not adopt those findings in its final decision because Chen did not seek waiver of recoupment, and she has not raised the waiver issue on appeal. Therefore, the ALJ's statements were not pertinent to the Commissioner's final overpayment determination, nor to the other issues Chen raises on appeal.

---

an improper formula, this would be a misapplication of a legal standard.

Chen also argues—for the first time in her reply brief—that she earned approximately $8,000 more in 2005 than the Commissioner stated in computing Chen's average current earnings pursuant to § 424a(a). Chen contends that the earnings the Commissioner relied on were "incomplete, incorrect and fake" and, as a result, the Commissioner's overpayment determination was excessive. Reply Br. at 12. In support, Chen points to 2005 W-2 forms, some of which are the subject of her motion on appeal to introduce as evidence for the first time in this case.

We consider evidence outside the record before us only under "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975); *accord Keepers, Inc. v. City of Milford*, 807 F.3d 24, 29 n.14 (2d Cir. 2015), *cert. denied*, 137 S. Ct. 277 (2016). Chen has not explained why she failed to point out the Commissioner's purported errors or to introduce the additional W-2 forms (which she has not suggested were unavailable to her) at an earlier stage. Moreover, she failed to raise the issue in her opening brief on appeal, and so the Commissioner has not had an opportunity to respond. Chen therefore has not shown that extraordinary circumstances exist in this case, and we accordingly decline to consider the new evidence.

Finally, Chen contends that the Commissioner has wrongfully withheld DIB in the amount of $12,083.90 from 2012 to 2016 and $1,644 in 2017. Chen states that this argument is the "the other side[] of the [same] coin," App. Br. at 11, by which we understand Chen to challenge the Commissioner's ongoing recoupment of overpayment on the basis that the overpayment was erroneously determined. She has not made that showing, for the reasons discussed above.

We have considered Chen's remaining arguments and conclude they are without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Chen's motion to docket additional evidence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Chen also contends that the Appeals Council found that the ALJ's March 2014 decision was erroneous and so this shows that the Appeals Council's January 2015 final decision was also erroneous. Chen is incorrect. While the Appeals Council did not adopt all the ALJ's findings, it did not find that the ALJ's determination was erroneous.

4